**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1472

ALPHA AMADOU BAH,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A75-562-990)

Submitted:  January 22, 2007          Decided:  October 10, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Matthew J. Harris, New York, New York, for Petitioner.  Rod J. Rosenstein, United States Attorney, James A. Frederick, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alpha Amadou Bah, a native and citizen of Guinea, petitions this Court for review of the Board's order adopting and affirming the immigration judge's decision to deny his request for asylum, withholding of removal, and protection under the Convention Against Torture. Bah entered the United States as a non-immigrant visitor in November 1996 and filed for asylum in 1997. His asylum application was denied. Bah converted his non-immigrant visa into a student visa in May 1997. In March 2003, the Department of Homeland Security served Bah with a Notice to Appear, alleging he was in violation of Section 237(a)(1)(C)(i) of the Immigration and Naturalization Act, currently codified at 8 U.S.C. § 1227(a)(1)(C)(i) (2000), for failing to comply with the conditions of his student visa. Bah conceded the charges and requested relief from removal in the form of asylum, withholding of removal, and protection under the CAT.

An immigration judge denied Bah's requests for relief from removal. The judge stated that Bah's testimony "is incredible with reference to his [political party] membership, and incredible with reference to his alleged two arrests, and that he has suffered past persecution or that anyone is seeking to harm him should he return to Guinea on account of alleged UNR activities." The immigration judge additionally found Bah had not met his burden of proof for asylum, withholding of removal, or protection under the

Convention Against Torture.   On appeal, the Board adopted and affirmed the immigration judge's decision, finding Bah failed to demonstrate the immigration judge committed clear error in its adverse credibility finding.

The INA authorizes the Attorney General to confer asylum on any refugee.  8 U.S.C. § 1158(a) (2000).  It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A) (2000).  An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005).

This court accords broad, but not unlimited, deference to credibility findings supported by substantial evidence.  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).  A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for the rejection.  Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989).  This court defers to an immigration judge's adverse credibility determination that is "supported by substantial evidence on the record 'considered as a whole.'" Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 278 (4th Cir. 2004) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).  "'If the [immigration judge's] adverse credibility finding is not based on

a specific, cogent reason, but, instead is based on speculation, conjecture, or an otherwise unsupported personal opinion,' it cannot be upheld because 'it will not have been supported by substantial evidence.'" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (quoting Dia v. Ashcroft, 353 F.3d 228, 250 (3d Cir. 2003) (en banc)).

Considering the record as a whole, the reasons the immigration judge provided to support its adverse credibility finding are not cogent, and the finding is not supported by substantial evidence. The immigration judge provided several reasons in support of the adverse credibility determination, including several reasons identified as "implausibilities," however, we conclude none are either cogent or supported by the record considered as a whole. See Tewabe, 446 F.3d at 538.

Because the adverse credibility finding is not supported by substantial evidence, we grant the petition for review, vacate the Board's order, and remand for further proceedings for the immigration judge to determine, without consideration of the previous adverse credibility determination, whether Bah can meet his burden of proving all the elements of his claim to asylum or other requested relief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.